41 F.3d 1519
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 FINA OIL AND CHEMICAL CO. and Fina Technology, Inc.,
Plaintiffs-Appellees,
v.
John A. EWEN, Defendant-Appellant.
 No. 94-1505.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1994.
 
 Before ARCHER, Chief Judge, BENNETT, Senior Circuit Judge, and NIES, Circuit Judge.
 ON MOTION
 ARCHER, Chief Judge.
 
 ORDER
 
 1
 John A. Ewen moves to "stay pending appeal" the proceedings of the United States District Court for the Northern District of Texas. Fina Oil and Chemical Co. et al. (Fina) oppose. Ewen moves for leave to file a reply, with reply attached. Fina opposes. Ewen moves for expedited ruling on his motion because trial in the federal court is scheduled to begin in early December.
 
 BACKGROUND
 
 2
 This case has a long history. Because we question, sua sponte, our jurisdiction over this appeal, we summarize only the relevant proceedings. Ewen is a former employee of Fina and sued Fina in a state court in Texas. Part of the state court case concerned Ewen's ownership rights in various patents. Fina later sued Ewen in the United States District Court for the Northern District of Texas seeking (1) to correct inventorship of three patents by adding a joint inventor; (2) a declaratory judgment of proper inventorship or in the alternative to correct inventorship of certain patents; (3) a declaratory judgment that three patents "meet the requirements of patent law"; and (4) a declaratory judgment that Fina can make, use and sell any of its inventions that have been validly assigned to Fina by a joint inventor without having to provide an accounting to Ewen pursuant to 35 U.S.C. Sec. 262.[1] Fina alleged that many of the issues arising in the federal litigation were also raised in the state litigation, but Fina argued that there were patent issues that only a federal court could decide. Ewen sought to stay the federal action pending resolution of the state action. On May 20, 1994, the district court denied the motion.
 
 
 3
 Fina moved for partial summary judgment on certain issues. On July 29, 1994, the district court granted the motion in part, denied the motion in part, and certified the order for appeal pursuant to Fed.R.Civ.P. 54(b). The district court (1) declared inventorship to be correct for one patent, no. 4,892,851, deciding that a joint inventor was properly included, (2) declared that Ewen could not challenge validity of the same patent (and two other patents) because Ewen was estopped as an assignor from challenging the validity of the patent, and (3) determined that Fina did not have to give Ewen an accounting pursuant to 35 U.S.C. Sec. 262 where a joint inventor had assigned his rights to Fina. The district court specifically stated that it was uncontested that the joint inventor for the '851 patent had assigned his rights to Fina. The district court denied summary judgment on the issue of proper inventorship of the remaining patents, including patents that were continuation-in-part patents of the '851 patent. The district court indicated that summary judgment might later be appropriate on the proper inventorship of the continuation-in-part patents.[2]
 
 
 4
 The "claims" that were certified as final pursuant to Rule 54(b) included the declaratory judgment of correct inventorship for the '851 patent, the declaratory judgment that three patents including the '851 patent "meet the requirements of patent law," and the declaratory judgment that Fina did not have to provide an accounting to Ewen. Currently, trial in the district court on the remaining issues or claims is scheduled to begin in December, and the state court trial is tentatively scheduled to begin in January.
 
 DISCUSSION
 Rule 54(b) provides:
 
 5
 When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.
 
 
 6
 We review a district court's Rule 54(b) certification to determine (1) whether the judgment is final with respect to one or more claims and (2) whether the district court properly concluded that there is no just reason for delay. W.L. Gore & Assocs., Inc. v. International Medical Prosthetics Research Assocs., Inc., 975 F.2d 858, 861-862 (Fed.Cir.1992). The latter determination is reviewed for an abuse of discretion, and one issue in that determination is whether the claims remaining in the district court are separable from the claims certified. W.L. Gore, 975 F.2d at 862.
 
 
 7
 First, concerning the declaratory judgment that three patents "meet the requirements of patent law," the district court concluded that Ewen may not challenge the patents' validity because of assignor estoppel. One of the factors that the district court considered was whether Ewen assigned his patent rights to Fina. However, the issue of whether Ewen assigned his rights to Fina is again presented to the district court in Fina's motion for summary judgment concerning the continuation-in-part patents. Until the district court has decided all issues or claims that may involve the assignments, this court should not consider, piecemeal, the district court's conclusions.
 
 
 8
 Second, concerning the declaratory judgment that Fina need not provide an accounting to Ewen pursuant to 35 U.S.C. Sec. 262, the district court discussed in its order the '851 patent and did not expressly address other patents that may have joint inventorship and thus possibly joint ownership between Fina and Ewen. In its order denying reconsideration, the district court appeared to address all patents that may have joint inventors, although the district court has not yet decided all inventorship issues for all such patents.[3] The district court's conclusion in this regard is intertwined with remaining claims, i.e., the claims seeking to declare proper inventorship of various patents. Further, in the count of Fina's complaint seeking a declaratory judgment concerning Sec. 262, Fina requested that the district court first determine the correct inventorship of the patents before deciding joint ownership and the Sec. 262 issue. The order declaring that Fina need not account to Ewen for making, using, or selling items under patents with joint ownership should not be certified as final until the district court has first decided which patents have joint ownership. This determination depends, in part, on the correct inventorship of the patents. At this juncture, the district court has reviewed Sec. 262 but has not decided to which patents it applies.
 
 
 9
 The district court should not have certified the order pursuant to Rule 54(b) until it had considered all of the claims that depended upon the related evidence and issues concerning proper inventorship and Ewen's agreements with and assignment to Fina.[4] If we decided the present appeal, and another appeal was later taken from the district court's determinations concerning the remaining patents, this court might be required to again review such related evidence and issues. See W.L. Gore, 975 F.2d at 864 ("factual relatedness of separate claims" and appellate consideration of the same issues in multiple appeals are factors to consider in determining whether the district court abused its discretion). In sum, it was an abuse of discretion to certify the order pursuant to Rule 54(b) until all related claims are decided and thus the matter should remain in the district court.
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 (1) The appeal is dismissed for lack of jurisdiction.
 
 
 12
 (2) Ewen's motion to stay is moot.
 
 
 13
 (3) Ewen's motion for leave to file a reply is granted.
 
 
 14
 (4) Each side shall bear its own costs.
 
 
 
 [1]
 We do not decide, at this juncture, that any of the counts properly plead a claim that arises under the patent laws, under state law, or requests relief that can properly be granted
 
 
 [2]
 Fina has moved for partial summary judgment of proper inventorship of those patents
 
 
 [3]
 For example, in Fina's second motion for partial summary judgment, not decided in the order now on appeal, Fina argues that two patents properly name Ewen and another joint inventor and that six other patents properly do not name Ewen at all
 
 
 [4]
 There is also a third area where the district court's summary judgment may be intertwined with issues remaining in the district court. The district court noted that, concerning the issue of proper inventorship, its determinations concerning the '851 patent may be related to the proper inventorship of the continuation-in-part patents. The proper inventorship of the continuation-in-part patents was not resolved in the district court's order. We cannot be certain from the papers submitted whether the issues are intertwined and thus we do not rely on this additional relationship in reviewing the district court's Rule 54(b) determination